IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH MOBLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-227-SLP |
| ) | |
| FEDERAL BUREAU ) | |
| OF PRISONS ET AL., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this civil rights action on February 21, 2025, alleging violations of his constitutional rights under the "1st amendment, 4th amendment, 5th amendment, [and] 8th amendment." Doc. 1, at 4.[1] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Docs. 4 & 11.

The undersigned recommends the Court dismiss the complaint without prejudice based on Plaintiff's failure to follow the Court's rules and orders.

**I.   Discussion.**

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

On February 21, 2025, Plaintiff filed a motion for leave to proceed in forma pauperis. Doc. 2. On February 24, 2025, the Court ordered Plaintiff to cure his motion because he did not submit a certified copy of his trust fund account statements with his motion as required under 28 U.S.C. § 1915(a)(2). Doc. 5. Along with the order, the Clerk of Court sent Plaintiff an in forma pauperis application form to comply with the Court's order. The undersigned warned Plaintiff that if he failed to comply with the Court's order to cure his case would be subject to dismissal. *Id*. at 1-2.

Plaintiff did not cure the deficiencies in his IFP application, and the undersigned recommended the Court dismiss Plaintiff's complaint without prejudice for failure to follow the Court's order. Doc. 6. On March 31, 2025, Plaintiff filed a motion for a temporary restraining order and an extension of time to comply with the Court's order. Doc. 7. Judge Palk declined to adopt the recommendation and ordered Plaintiff to cure the deficiencies in his application on or before April 28, 2025. Doc. 8.

On May 6, 2025, Plaintiff instead filed a motion to hold prison officials in contempt for allegedly failing to follow court orders to complete Plaintiff's IFP application. *See* Doc. 10. On May 14, 2025, Judge Palk re-referred the matter to the undersigned. Doc. 11.

On May 19, 2025, the Court again ordered Plaintiff to cure his IFP application and to provide the certified copy of his trust fund account

2

statements with his application as required under 28 U.S.C. § 1915(a)(2). Doc. 12. The Court also denied Plaintiff's motion for contempt, Doc. 10. *Id.* at 2. The Court acknowledged Plaintiff's allegation that he was prevented from complying with the Court's order by prison officials and liberally construed his motion as a motion for an extension of time to cure. *Id.* at 1-2. The Court ordered Plaintiff to cure his IFP application by June 18, 2025. *Id.* at 2. The undersigned again warned Plaintiff that if he failed to comply with the Court's order to cure for a second time that his case would be subject to dismissal. *Id.*

The Clerk of Court mailed a copy of the order to Plaintiff and the facility he is currently confined within. Doc. 12 (Staff notes).

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that,

3

by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Plaintiff appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Plaintiff's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. S*ee Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice. The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 21, 2025, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained

herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of June, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE